NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 18-278

STATE OF LOUISIANA

VERSUS

JOSHUA DAVID EVANS

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 16-CR 000980
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

CONVICTION AND SENTENCE VACATED;
REMANDED FOR NEW TRIAL.

Annette Fuller Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
COUNSEL FOR DEFENDANT/APPELLANT:
    Joshua David Evans

M. Bofill Duhe
District Attorney, Sixteenth Judicial District Court
W. Claire Howington
Craig Colwart
Assistant District Attorneys, Sixteenth Judicial District Court
300 Iberia St., #200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR APPELLEE:
    State of Louisiana

**EZELL, Judge.**

On August 9, 2017, a jury heard evidence against Defendant, Joshua David Evans, and returned verdicts of guilty for illegal use of weapons and attempted second degree murder.

On December 1, 2017, the district court denied Defendant's motion for new trial. On December 5, the court sentenced him to twenty years at hard labor for attempted second degree murder and two years at hard labor for illegal use of a weapon. Subsequently, the State filed a bill of information charging Defendant as a habitual offender. On July 13, 2018, the district court conducted a hearing and adjudicated him as a second habitual offender. On the same date, the court vacated Defendant's twenty-year sentence for attempted second degree murder and sentenced him to eighteen years at hard labor for the habitual offender adjudication, pursuant to a sentencing agreement. The court further ordered that the sentence run concurrently with the two-year sentence imposed for illegal use of a weapon and concurrently with an unrelated conviction.

Defendant sought review by this court, which affirmed his convictions and sentences. *State v. Evans*, 18-278 (La.App. 3 Cir. 5/22/19) (unpublished opinion). One of Defendant's assignments of error argued that trial counsel was ineffective for failing to object to the non-unanimous (10-2) verdicts. This court rejected the argument, noting that Louisiana's constitutional amendment requiring unanimous verdicts had not taken effect at the time of Defendant's trial.

Defendant sought review by the supreme court, which remanded the case to this court for review in light of *Ramos v. Louisiana*, __ U.S. __, 140 S.Ct. 1390 (2020), which recently held that unanimous verdicts are required by the federal Constitution. We find the merits of the issue must be reviewed, as the supreme

court ruled that even if it was not preserved for review, the issue must be considered as an error patent. *State v. Evans*, 19-1013 (La. 6/3/20), 296 So.3d 1025.

Although the concurring justices did not join in all parts of the *Ramos* majority opinion, the Supreme Court unambiguously determined that non-unanimous verdicts are not permissible under the Sixth Amendment to the Constitution and said prohibition applies to the states through the Fourteenth Amendment. *Ramos*, 140 S.Ct. at 1390, 1408; *see also* concurrences by Sotomayor, Kavanaugh, and Thomas, JJ.

The verdicts in this case were not unanimous, as required by *Ramos v. Louisiana*, __ U.S. __, 140 S.Ct. 1390 (2020). Therefore, the convictions, habitual offender adjudication, and sentences are hereby vacated, and the matter is remanded for a new trial.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.